ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
State Bar No. 022681
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Erica.seger@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Katherine Rose Sparks,<br><br>    Defendant. | CR 17-00478-001-TUC-RM (LCK)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to Counts Two and Four of the Indictment, both felonies, charging a violation of Title 21, United States Code (U.S.C.), Sections 841(a)(1) and 841(b)(1)(D), Possession with Intent to Distribute Marijuana and a violation of Title 18, United States Code, Sections 111(a)(1), (b) and 1114, Assault on a Federal Officer With A Dangerous or Deadly Weapon. The remaining counts of the Indictment will be dismissed at sentencing.

### Elements of the Offenses

2. The elements of the offenses are as follows:

**Possession with Intent to Distribute Marijuana**

     a.    The defendant knowingly and intentionally possessed a quantity of marijuana; and

     b.    The defendant intended to deliver the marijuana to another person.

As a sentencing factor, the government would be required to prove that the quantity of marijuana possessed was approximately 42 kilograms.

**Assault on a Federal Officer With A Dangerous or Deadly Weapon**

a. First, the defendant forcibly assaulted a federal officer or employee;

b. Second, the defendant did so while the federal officer or employee was engaged in, or on account of his or her official duties; and

c. Third, the defendant used a deadly or dangerous weapon.

<u>Maximum Penalties</u>

3.    The maximum penalties for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) are a fine of $250,000.00 or a maximum term of five (5) years imprisonment, or both and a term of between two (2) years and lifetime supervised release.

A violation of 18 U.S.C. §§ 111(a)(1), (b) is a Class C felony. The maximum term of imprisonment is 20 years. A Class C felony is punishable by both imprisonment and a maximum fine of $250,000, and a term of supervised release of up to 3 years.

4.    Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall

    (1)    order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

    (2)    order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

5.    Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on defendant of $100.00 per felony count. The special

assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

### Drug Conviction & Immigration Consequences

6.  The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

7.  The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

### STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

8.  The parties agree that the following guideline calculations apply to the assault on a federal officer with a dangerous or deadly weapon offense:

| | |
|---|---|
| U.S.S.G. § 2A2.2 | 14 |
| U.S.S.G. § 2A2.2(b)(2) | +4 |
| U.S.S.G. § 2A2.2(b)(3) | +5 |
| U.S.S.G. § 2A2.2(b)(7) | +2 |
| U.S.S.G. § 3A1.2 | +6 |
| U.S.S.G. § 3E1.1 | -3 |

1                      Adjusted offense level      28

2           Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant

3 stipulate and agree that the following is an appropriate disposition of this case:

4           70 to 97 months imprisonment if defendant's Criminal History Category is I;

5           78 to 108 months imprisonment if defendant's Criminal History Category is II;

6           87 to 121 months imprisonment if defendant's Criminal History Category is III;

7           100 to 137 months imprisonment if defendant's Criminal History Category is IV;

8           120 to 162 months imprisonment if defendant's Criminal History Category is V;

9           130 to175 months imprisonment if defendant's Criminal History Category is VI.

10      9.     <u>No Other Departure or Reduction</u>. The defendant understands and agrees that

11 this plea agreement contains all of the terms, conditions, and stipulations regarding

12 sentencing. If the defendant requests or if the Court authorizes (a) any downward departure

13 or variance; or (b) any other reduction or adjustment of sentence not specifically agreed to

14 in writing by the parties, the government will withdraw from the plea agreement. If the

15 court departs from the terms and conditions set forth in this plea agreement, either party

16 may withdraw.

17      10.     The government reserves the right to withdraw from the plea agreement if it

18 is determined that the defendant is Criminal History Category V or VI.

19      11.     The defendant may withdraw from the plea agreement if he/she receives a

20 sentence in excess of the stipulated ranges listed above.

21      12.     The defendant understands that if the defendant violates any of the conditions

22 of the defendant's supervised release, the supervised release may be revoked. Upon such

23 revocation, notwithstanding any other provision of this agreement, the defendant may be

24 required to serve a term of imprisonment or the defendant's sentence may otherwise be

25 altered.

26      13.     The defendant and the government agree that this agreement does not in any

27 manner restrict the actions of the government in any other district or bind any other United

28 States Attorney's Office.

14.     If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

15.     Pursuant to Rule 11(c)(1)(A), Fed. R. Crim. P., the remaining Counts of the Indictment will be dismissed at the time of sentencing.

16.     Restitution: For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16.  Therefore, under 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(I) and 3771(6), the victim, W.R., is entitled to mandatory restitution and the PSR should include an assessment regarding restitution. Further, the victims should be characterized as such in the PSR and the PSR should also include a victim impact statement, if the victim is willing to make one. Lastly, the victim should be allowed to attend any hearings held pertaining to this matter and address the Court at the sentencing of this matter, if the victim would like to, pursuant to 18 U.S.C. § 3771.

Pursuant to 18 U.S.C. § 3663 and/or 3663A and 2248, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount, but in no event more than $250,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

## Assets and Financial Responsibility

17.     The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to

evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose as well as the financial condition of all household members (including but not limited to that of a spouse or child); (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

18. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

19. If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment

shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

20. <u>Perjury and Other False Statement Offenses and Other Offenses</u>. Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

21. <u>Reinstitution of Prosecution</u>.

If defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions or defenses based upon the statute of limitations, the Speedy Trial Act or constitutional restrictions in bringing the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

22. <u>Disclosure of Information to U.S. Probation Office</u>.

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Department.

b. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

23. <u>Forfeiture, Civil, and Administrative Proceedings</u>.

     a.    Nothing in this agreement shall be construed to protect defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

     b.    Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

     c.    This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## Waiver of Defenses and Appeal Rights

24.    Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed ?? months imprisonment and is within the stipulated range or below the stipulated range if the Court grants a variance.

The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack

the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

25. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Plea Addendum

26. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-

incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> On or about February 23, 2017 at or near Naco, in the District of Arizona, I was the driver of a gold Mercury Mountaineer. Matthew Hand, the passenger, and I drove to a dirt road near the border in order to pick up two bundles of marijuana being transported from Mexico into the United States.

The total weight of the marijuana bundles was 42 kilograms. I understand that Border Patrol Agents (BPA) observed the bundles being loaded into the rear passenger area of the Mountaineer. I intended to be paid to deliver the marijuana to another person.

After the marijuana was observed being loaded into the gold Mountaineer, agents notified other BPA's in the area. BPA W. R. was on patrol near Naco, Arizona. As a member of the USBP Disruption Unit, BPA R. was patrolling in an unmarked vehicle and in plain-clothes with his badge hanging visibly from his neck. BPA R. identified the gold SUV as it passed his vehicle traveling west on Highway 92. An additional marked Border Patrol vehicle was also following the Mountaineer. Both vehicles activated their law enforcement lights as I was driving down a hill on westbound Highway 92. The law enforcement vehicles, with their lights flashing, continued to follow us west on Highway 92 until we approached a red traffic light on the east side of Highway 92's San Pedro River bridge crossing. At the light, I accelerated and veered off the highway at a high rate of speed, ultimately crashing into a ditch on the side of Highway 92.

BPA R. exited his vehicle, and proceeded to the door on Hand's of the SUV. Other agents approached my side of the vehicle. All of the agents identified themselves as law enforcement officer and ordered me to turn off the vehicle. I heard BPA R. ask Hand to exit the vehicle and when he did not exit the SUV, he attempted to Hand from the vehicle. Hand physically resisted and fought with BPA R., punching and pushing BPA R. in an attempt to remain in the SUV. At the same time, I was yelling at agents to leave Hand alone and did not turn off the SUV. At one point, BPA R. removed Hand from the passenger's seat and attempted to subdue him on the ground. While they were wrestling, I placed the SUV in reverse and slammed on the gas pedal, causing the open passenger side vehicle door to trap the left knee of BPA R. and drag him along the dirt road. Hand was able to climb back into the passenger's seat before I successfully negotiated the vehicle back onto Highway 92 traveling east. We drove to a ranch in Sierra Vista, parked the SUV in some brush and were taken to the Bella Vista Motel.

BPA R. was transported for medical treatment to Canyon Vista Medical Center in Sierra Vista, Arizona. The results of a left knee MRI on March 6, 2017 revealed a complete tear of the anterior cruciate ligament, a complete tear of the posterior cruciate ligament, a complete tear of the proximal medial collateral ligament involving both the superficial and deep fibers, among other injuries. BPA R. has had surgery on his left knee as a result of the assault.

10-26-17
Date

Katherine Rose Sparks
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the

- 11 -

constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 10-26-17

Stephanie Meade, Esq.
Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

Date: 10/26/17

ERICA L. SEGER
Assistant U.S. Attorney